UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A CENSKE,

        Plaintiff,

v.

CLINTON COUNTY SHERIFF DEP'T and UNKNOWN OFFICERS ASSISTING AT THE CLINTON COUNTY JAIL,

        Defendants.

_____/

Case No. 5:04-CV-107

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Thomas A. Censke's Appeal of United States Magistrate Judge Ellen S. Carmody's December 23, 2005 Order, which denied Plaintiff's Motion to Appoint Counsel.[1] The Court reviews Judge Carmody's December 23, 2005 Order for clear error and to assure accordance of law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a).

In applying this standard, the Court, like any reviewing court, will not reverse Judge Carmody's Order simply because the Court "would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). It is Plaintiff's task to convince this Court that such error resides in Judge Carmody's Order.

---

[1] Plaintiff's Appeal of Judge Carmody's December 23, 2005 Order was filed with the Court on January 25, 2006. Plaintiff's Appeal is untimely. FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a). However, the Court will consider Plaintiff's Appeal out of time.

Plaintiff has brought this civil action pursuant to Title 42 of the United States Code, section 1983, and has requested the assistance of counsel in prosecuting his claims. The Court begins by noting that it is exceedingly rare to appoint counsel in a civil matter. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). When considering such requests, the Court should ascertain: (1) whether the action presents a colorable claim for relief; (2) the litigant's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel; (4) the ability of the litigant to present his case; and (5) the complexity of the legal issues presented. *McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06. Judge Carmody's December 23, 2005 Order considered the aforementioned factors, but found the assistance of counsel unnecessary and denied Plaintiff's request.

Plaintiff's Appeal and supporting materials (in the form of a letter addressed to the Court) primarily address the substantive merits of his section 1983 claim and criticizes Defendants for their discovery tactics, but does nothing to undermine Judge Carmdoy's December 23, 2005 Order, let alone persuade the Court that an error has been committed.[2]

**THEREFORE, IT IS HEREBY ORDERED** that Thomas A. Censke's Appeal (Dkt. No. 76) is **DENIED** and United States Magistrate Judge Ellen S. Carmody's December 23, 2005 Order (Dkt. No. 49) is **AFFIRMED**.

DATED in Kalamazoo, MI:  
    March 23, 2006

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff makes some reference to the fact that he suffers from post traumatic stress disorder and is thereby hindered in presenting his claim. While the Court is not unsympathetic to Plaintiff's disorder, when considered against the backdrop of *Lovado* and *McKeeves* the balance of factors tips against appointing counsel. Plaintiff has demonstrated no inability to investigate crucial facts, the legal issues are not complex, and Plaintiff has demonstrated the ability to adequately present his case.